**IN THE DISTRICT COURT OF THE UNITED STATES**
**FOR THE WESTERN DISTRICT OF NORTH CAROLINA**
**ASHEVILLE DIVISION**

**CIVIL NO.  1:05CV215**

| | | |
|---|---|---|
| **HENRY FLOYD GILCHRIST, Pro Se,** | ) | |
| **On Behalf of the People of Veterans** | ) | |
| **Affairs,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **Vs.** | ) | **ORDER OF DISMISSAL** |
| | ) | |
| **WILLIAM M. CATOE, U.S. Magistrate** | ) | |
| **Judge, S.C.; G. ROSS ANDERSON, U.S.** | ) | |
| **District Judge, S.C.; KATHALEEN** | ) | |
| **ODDO, Veterans Affairs Counsel,** | ) | |
| **Roanoke, VA; MELBA BANKS, Chief** | ) | |
| **of Chaplains, VA Hospital; JANICE** | ) | |
| **MARSH, EEO Officer, VA Hospital;** | ) | |
| **JAMES SAMS, Retired Chief of** | ) | |
| **Chaplains, VA; and VETERANS** | ) | |
| **ADMINISTRATION, South Carolina** | ) | |
| **Office,** | ) | |
| | ) | |
| **Defendants.** | ) | |
| | ) | |

**THIS MATTER** is before the Court on the Plaintiff's motion to proceed without the

prepayment of fees, his affidavit in support thereof and his proposed complaint.

"Federal courts have statutory power under 28 U.S.C. § 1915 to authorize commencement

of civil actions *in forma pauperis*."  ***DeBlasio v. Gilmore*, 315 F.3d 396, 398 (4ᵗʰ Cir. 2003).**

Because the Court finds the Plaintiff has established the inability to pay and a lack of assets, he

will be allow to proceed without the prepayment of filing and other fees.  ***Id.*, at 399.**  The

motion will be granted but the complaint will be filed and dismissed as frivolous.

According to the complaint and the documents attached thereto, the Plaintiff resigned from his employment as a chaplain in training at the Veteran's Administration in Asheville, North Carolina, in March 1998 after receiving a 30-day probationary period.  It appears that he has attempted to litigate this matter since that time in several different arenas.  On May 15, 1998, the undersigned dismissed an action brought by the Plaintiff based on these same facts because he had failed to file a complaint with the Equal Employment Opportunity Commission (EEOC). ***Gilchrist v. Sams*, Civil No. 1:98cv68.**  One year later, the Plaintiff attempted to bring another lawsuit against one of the same Defendants in the previous action, and that action as well was dismissed as frivolous.  ***Gilchrist v. Galloway*, Civil No. 1:99cv85.**  He has likewise been unsuccessful in litigating these facts in the District of South Carolina.  ***Gilchrist v. Dep't of Veterans' Affairs*, 57 Fed. Appx. 576 (4ᵗʰ Cir. 2003).**

Now he seeks to bring an action against various individuals including a federal magistrate judge and a district court judge in South Carolina.  In the complaint, he refers to himself as "the People," demands a "full scale criminal investigation," and discloses the following facts:

1.      He has filed other cases in the United States District Court for the District of South Carolina involving the same allegations as made in this action.

2.      He was sentenced in the State of South Carolina to a term of imprisonment after pleading guilty to a charge of assault with intent to kill.

3.      This criminal conviction was used by the Defendant to support its decision to terminate his employment.

4.      At least one other case in the District of South Carolina was dismissed because the Plaintiff resigned from that employment, not because he was fired.

5.      In 1996 he was arrested for threatening to kill a federal court judge and, according to the

Plaintiff, he felt betrayed by that judge.

***See, generally,*** **Complaint, filed May 19, 2005.**

This Court has an obligation to conduct a careful review of *pro se* complaints prior to

filing in order to ascertain whether the complaint has legal merit. ***Neitzke v. Williams*, 490 U.S.**

**319, 325 (1989).**  The claims alleged in this complaint stem from the March 1998 employment

decision.  As such, any time within which any cause of action could have been sued upon has

long since expired.  Moreover, even if timely, the allegations do not state a claim.

Section 1915 also provides, in pertinent part, that "[n]otwithstanding any filing fee, or

any portion thereof, that may have been paid, the court *shall dismiss the case at any time* if the

court determines that . . . the action [] is frivolous or malicious [or] fails to state a claim on which

relief may be granted . . . ."  **28 U.S.C. § 1915(e)(2) (emphasis added).**  Under this statutory

proscription, the district court must dismiss such a case and it is the intent of Congress that such

dismissals occur prior to service of the complaint on defendants.  ***Cochran v. Morris*, 73 F.3d**

**1310, 1315 (4ᵗʰ Cir. 1996); *White v. White*, 886 F.2d 721 (4ᵗʰ Cir. 1989).**  "Legally frivolous

claims are based on an 'indisputably meritless legal theory' and include 'claims of infringement

of a legal interest which clearly does not exist.'"  ***Adams v. Rice*, 40 F.3d 72, 75 (4ᵗʰ Cir. 1994)**

**(quoting *Neitzke, supra*, at 327).**

> This standard encompasses complaints that are either legally *or* factually baseless.
> The statutory language dictates a high degree of deference to the discretion of
> district courts.  A claim can be dismissed whenever a district court is "satisfied"
> the claim is frivolous.  Moreover, the term frivolousness itself contemplates
> deference because "as a practical matter, it is simply not susceptible to categorical
> definition."

*Cochran*, *supra*, **at 1316 (quoting** *Adams, supra***, at 74) (other citations omitted).** Having read

the complaint and the attachments thereto, the undersigned finds the allegations of the complaint

are frivolous and most likely designed to harass. Moreover, the facts, accepting them as alleged

in the complaint, assert allegations which are "clearly baseless" and, therefore, factually

frivolous. ***Brown v. Briscoe*, 998 F.2d 201, 203 (4ᵗʰ Cir. 1993) (citing *Denton v. Hernandez*,**

**504 U.S. 25 (1992));** *see also, White v. Gregory***, 1 F.3d 267 (4ᵗʰ Cir. 1993).**

      **IT IS, THEREFORE, ORDERED** that the Plaintiff's motion to proceed without the

prepayment of fees is hereby **GRANTED**; and

      **IT IS FURTHER ORDERED** that the complaint shall be filed and dismissed as

frivolous without the service of process.

**Signed: June 20, 2005**

Lacy H. Thornburg
United States District Judge